**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**ANNIE ROME**                                                **CIVIL ACTION NO.**

**VERSUS**

**UNION NATIONAL FIRE**                                **23-988-JWD-EWD**
**INSURANCE COMPANY**

### NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 29, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**ANNIE ROME**  **CIVIL ACTION NO.**

**VERSUS**

**23-988-JWD-EWD**

**UNION NATIONAL FIRE
INSURANCE COMPANY**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Dismiss, filed by Annie Rome ("Plaintiff"), which was referred.[1] Because it is apparent from the face of the Complaint that the Court lacks diversity subject matter jurisdiction, and no other basis for subject matter jurisdiction exists, it is recommended that the Motion be granted, dismissing this matter without prejudice.

**I.   BACKGROUND**

Plaintiff filed her Complaint for Damages on August 28, 2023,[2] alleging that this Court has subject matter jurisdiction based on the Declaratory Judgment Act, 28 U.S.C. § 2201, and diversity of citizenship under 28 U.S.C. § 1332(a)(1). As to the former (and as explained in the Court's August 29, 2023 Order), the Declaratory Judgment Act, 28 U.S.C. § 2201 does not in itself confer subject matter jurisdiction, and another independent basis for jurisdiction must exist.[3]

As to the latter, the Complaint alleges that both Plaintiff and Defendant Union National Fire Insurance Company ("Union National") are Louisiana citizens, as Union National is alleged to be incorporated, and have its principal place of business, in Louisiana, and Plaintiff is alleged to be domiciled in Louisiana.[4]  As such, diversity jurisdiction did not appear to exist, and no other

---

[1] R. Docs. 6 and 7.
[2] R. Doc. 1.
[3] R. Doc. 4, citing *Port Drum Co. v. Umphrey*, 852 F.2d 148, 151 (5th Cir. 1988).
[4] R. Doc. 1, ¶¶1, 2. ("1. Made Plaintiff herein is Annie Rome…person of the full age of majority and domiciled in the City of Baton Rouge, East Baton Rouge Parish, State of Louisiana.") and ¶ 2 ("Made Defendant herein is Union

valid basis for this Court's subject matter jurisdiction was alleged by Plaintiff. On September 12, 2023, a telephone conference was ordered by the Court to discuss subject matter jurisdiction, during which Plaintiff's counsel acknowledged that the parties were not alleged to be diverse in the Complaint.  Plaintiff was ordered to either file a motion for leave to amend her Complaint, if she believed her citizenship allegations were incorrect, or a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i).[5]  On September 19, 2023, Plaintiff filed the instant Motion voluntarily seeking dismissal.[6]

**II.    LAW AND ANALYSIS**

Federal courts may only entertain those cases over which there is federal subject matter jurisdiction.  Federal subject matter jurisdiction may be established in two ways. This Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."[7]  This Court also has subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000.00 exclusive of interest and costs and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants).[8]  A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction."[9]  A court may raise on its own at any time the issue of whether subject

---

National Fire Insurance Company… incorporated under the laws of Louisiana, with a principal place of business at 3636 S. Sherwood Forest Boulevard, Baton Rouge, Louisiana 70816."). *See also Getty Oil, Div. of Texaco v. Ins. Co. of North America,* 841 F.2d 1254, 1259 (5th Cir. 1988) (the citizenship of a corporation is determined by its place of incorporation and principal place of business).
[5] R. Doc. 5.
[6] R. Doc. 6.  Union National has not appeared.
[7] 28 U.S.C. § 1331.
[8] 28 U.S.C. § 1332.  The amount in controversy was specifically alleged to exceed the jurisdictional threshold. R. Doc. 1, ¶ 4.
[9] *Edwards v. Jackson Hinds Comprehensive Health Center*, No. 17-972, 2018 WL 3653761 (S.D. Miss. June 11, 2018), at *1, quoting *Nixon v. Goldman Sachs Mortg. Corp.*, No. 16-597, 2016 WL 3763425, at **2–3 (N.D. Tex. July 14, 2016), citing 28 U.S.C. §§ 1331, 1332; *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, (1994).  *See also McKendall v. U.S. Army Corps of Engineers*, No. 15-2631, 2016 WL 3218842, at *1 (E.D. La. June

matter jurisdiction exists.[10]  Significantly, a district court can dismiss an action *sua sponte* for lack of federal subject matter jurisdiction…even where the defendant makes no responsive pleadings and does not move to dismiss for want of subject-matter jurisdiction."[11]

In this case, the Complaint specifically alleges that all parties are citizens of Louisiana, which Plaintiff's counsel acknowledged during the telephone conference.[12]  Plaintiff has not sought leave to amend her jurisdictional allegations, and the Motion seeks dismissal because the Court lacks subject matter jurisdiction.[13]  Finally, in prior litigation filed in this Court, Union National successfully obtained dismissal of the case due to lack of subject matter jurisdiction, as because the company was incorporated in Louisiana, and therefore not diverse from the Louisiana plaintiff.[14]

### III.  RECOMMENDATION

It is undisputed that both Plaintiff and Defendant Union National are Louisiana citizens. Because complete diversity of citizenship does not exist, the Court lacks diversity subject matter jurisdiction, and no other grounds for jurisdiction exist. Therefore, dismissal without prejudice is appropriate.[15]

---

10, 2016) ("The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction."), citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) and *Willoughby v. United States ex rel. Dept. of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).
[10] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005).
[11] *Dickens v. TASB Risk Management*, 17-00216, 2018 WL 6184804, at *1 (W.D. Tex. Nov. 21, 2018).  *See also Craig v. Our Lady of the Lake Regional Medical Center*, No. 15-814, 2017 WL 1113326, at *2 (M.D. La. March 23, 2017) ("The Court may dismiss an action *sua sponte* if it 'determines at any time that it lacks subject-matter jurisdiction.'"), citing Fed. R. Civ. P. 12(h)(3).
[12] R. Docs. 1, 5.
[13] R. Doc. 6.  Per the Motion, the Complaint appears to have been filed to prevent the running of liberative prescription upon the retention of current counsel after Plaintiff's former counsel, McClenny, Mosley and Associates, were disqualified from representing Plaintiff. R. Doc. 6, ¶¶ 1-4.
[14] *See Lowery v. Union National Ins. Co.*, No. 09-702, (M.D. La. Oct. 26, 2009), R. Doc. 7-1, p. 2 and R. Doc. 16.
[15] *Spivey v. Chitimacha Tribe of Louisiana,* No. 22-30436, 2023 WL 5274419, at *3 (5th Cir. Aug. 16, 2023) ("[W]e've repeatedly insisted that 'a jurisdictional dismissal *must be without* prejudice to refiling in a forum of competent jurisdiction.'")(emphasis in original).

3

Accordingly,

**IT IS RECOMMENDED** that the Motion for Dismissal, filed by Plaintiff Annie Rome, be **GRANTED,**[16] and this matter be **DISMISSED WIHTOUT PREJUDICE.**

Signed in Baton Rouge, Louisiana, September 29, 2023.

                              **ERIN WILDER-DOOMES**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[16] R. Doc. 6.

4